COMMONWEALTH. *vs.* JOHN . CLANCY.

An indictment for uttering and passing as true an uncurrent and worthless bank bill is insufficient if, in setting forth a copy of the bill, the names of the cashier and president are omitted; and the defect is not cured by an averment in the indictment that the jurors cannot give a more particular description of it.

INDICTMENT, charging in the first count that the defendant uttered and passed as true an uncurrent and worthless bank bill of the tenor following:

" State of Rhode Island.

" The Tiverton Bank will pay to bearer two dollars on demand. Tiverton, Aug. 1, 1857.

Cash'r.                 Pres't."

The indictment also contained the following averment, immediately after the above copy: "A more particular description of which said bank bill the said jurors have not, and cannot give."

The second count was for passing a paper made in the similitude of a bank bill, &c.

At the trial in the superior court, the defendant was convicted on the first count, and moved in arrest of judgment on the ground that the count was insufficient; but the motion was overruled. The defendant appealed to this court.

*J. D. Thomson,* for the defendant.

*Foster,* A. G., for the Commonwealth.

DEWEY, J. The provisions of Gen. Sts. *c.* 162, § 25, embrace the offence charged in the first count of this indictment, and also the kindred offence of uttering and passing as true a paper made in the similitude of a bank bill, knowing the same to be uncurrent and worthless. The motion in arrest of judgment raises the question of the sufficiency of this count. The defect relied upon arises from the description given of the instrument alleged to have been thus uttered and passed. The indictment alleges that it was a bank bill " of the tenor following," and then sets forth an instrument similar to an ordinary bank bill, but with no signature of any person as president or cashier, and

having blank spaces before the word " Cash'r " on the one side, and " Pres't " on the other.

Is this instrument, unsigned by the president or cashier, to be deemed a bank bill within the meaning of the statute ? The question is not whether it might not answer the description of an instrument in the similitude of a bank bill; but does the instrument here described meet the allegation of its being a bank bill?

As it seems to us, the instrument thus described had not acquired that character. Unbound printed sheets are not properly described as a book. Unsigned sheets of paper, duly engraved and adapted for bank bills, are not bank bills.

It was suggested by the attorney general that the court could not judicially know that such signatures were required to bank bills by the laws of Rhode Island, where the Tiverton Bank was established, to render them bank bills proper for circulation. We know that by the laws of Massachusetts bank bills are required to be thus signed by the president and cashier; and we may, in the absence of any evidence to the contrary, assume that the laws of Rhode Island are similar in this respect, especially as we find on the face of the bill here described the usual printed words adapted to such signatures, and to which the persons holding the offices of president and cashier usually prefix their several names. In the opinion of the court, this instrument thus described in the indictment cannot be taken to be a bank bill of the Tiverton Bank.

The further inquiry is, whether this defect is helped by the fact that the grand jury have appended to their description of the instrument these words, "A more particular description of which said bank bill the said jurors have not, and cannot give." We do not see that this aids the case, or relieves it from the defect stated. The indictment professes to set out the bank bill according to its tenor, which of course means a full and exact description of the instrument as it existed, especially in reference to all those parts which constitute it a bank bill or legal promise by a bank to pay a certain sum of money. This additional statement appended by the grand jury does not allege

that the instrument had once been signed by the president and cashier, but that their names have now become illegible.

The case, therefore, upon this indictment must be taken to be the case of uttering and passing an instrument having the form and appropriate words indicating a bank bill in all other respects except the signatures by the president and cashier. The indictment is defective and insufficient for the reasons above stated.

*Judgment arrested.*